IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| MARK LYON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.: |
| | ) |
| FOXFIRE REALTY, LLC, and | ) |
| EUGENE BOONE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, MARK LYON ("PLAINTIFF"), and files this Complaint against DEFENDANTS, FOXFIRE REALTY, LLC. and EUGENE BOONE (collectively "DEFENDANTS"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANTS for violation of the Fair Labor Standards Act ("FLSA") and breach of contract as well as declaratory relief.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT FOXFIRE REALTY, LLC. was a Florida corporation that operated a full-service realty company in North Central, Florida, including Ocala, Florida, which is where PLAINTIFF worked at all relevant times.

4. At all material times, DEFENDANT EUGENE BOONE owned and operated FOXFIRE REALTY, LLC.

## BACKGROUND

5. PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANTS failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

6. At all relevant times, DEFENDANTS acted through their officers, agents, servants and employees.

7. Upon information and belief, at all relevant times, DEFENDANT FOXFIRE REALTY, LLC had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce that were used to provide realty services.

8. At all relevant times, DEFENDANT FOXFIRE REALTY, LLC was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9. Upon information and belief, at all relevant times, with respect to FOXFIRE REALTY, LLC, DEFENDANT EUGENE BOONE had responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions.

10. Upon information and belief, at all relevant times, DEFENDANT FOXFIRE REALTY, LLC had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

11. At all relevant times, DEFENDANTS were employers within the meaning of the FLSA.

12. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. §

216.

13. In or around January 3, 2021, DEFENDANT FOXFIRE REALTY, LLC hired PLAINTIFF to work as its Director of Growth and Productivity and he continued in that capacity until he resigned on July 12, 2021.  In connection with his employment, PLAINTIFF and DEFENDANT FOXFIRE REALTY, LLC entered into the written employment agreement attached hereto as Exhibit "A".

14. The FLSA in part requires an employer to pay its employees at a rate of at least minimum wage for all hours worked.

15. DEFENDANTS violated the minimum wage provisions of the FLSA by failing to pay PLAINTIFF at all for the days he worked in July prior to his resignation.

16. PLAINTIFF therefore is owed compensation for time actually worked but for which he was not paid by DEFENDANTS, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT -BOTH DEFENDANTS

17. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

18. DEFENDANT FOXFIRE REALTY, LLC regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

19. At all relevant times, DEFENDANTS were employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and are subject to the provisions of the Act.

20. PLAINTIFF performed work for DEFENDANTS for which he did not receive

appropriate compensation.

21. More specifically, DEFENDANTS violated the minimum wage provisions of the Fair Labor Standards Act by not paying PLAINTIFF for the time he worked in July 2021, before his resignation.

22. Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF by DEFENDANTS.

23. DEFENDANTS' failure to compensate PLAINTIFF for all of his work at a rate of at least minimum wage violates the provisions of the FLSA and the regulations thereunder.

24. DEFENDANTS' failure to compensate PLAINTIFF was a willful and knowing violation of the Act.

25. As a result of DEFENDANTS' willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

26. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANTS owe PLAINTIFF compensation at a rate of minimum wage for every hour he worked for which he was not paid at least minimum wage and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

27. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANTS' violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further

relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT- FOXFIRE REALTY, LLC

28. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

29. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be compensated as follows:

> Compensation paid to Mark Lyon for the services rendered by Mark Lyon as required by this Agreement (the "Compensation") will include an annual base salary of $36,000.00 USD, with a minimum guarantee of $100,000.00 annually.

*See* Exhibit "A" at ¶ 7.

30. The agreement further provided that PLAINTIFF was to be compensated each quarter.

31. Other than July, DEFENDANT FOXFIRE REALTY, LLC paid PLAINTIFF his base salary of $3,000.00 per month. However, PLAINTIFF did not receive any compensation for time worked in July and did not receive either of the quarterly bonuses he should have received, which would have been at least $16,000 per quarter.

32. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, he has suffered delay in receipt of his wages and has been required to retain an attorney to help get his pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute § 448.08.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT FOXFIRE REALTY, LLC and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable and, for such other

and further relief as the Court may deem just and proper.

## COUNT III
## DECLARATORY RELIEF- FOXFIRE REALTY, LLC

33. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

34. There exists a bona fide dispute between the parties regarding the validity of the non-compete provisions contained in the Employment Agreement.

35. PLAINTIFF has a justiciable question as to the existence or non-existence of some right, status, immunity, power, or privilege, or some fact upon which their existence may depend, to wit, whether the non-compete provisions in the Employment Agreement are invalidated by DEFENDANT FOXFIRE REALTY, LLC'S breaching the Employment Agreement.

36. PLAINTIFF is in doubt as to the enforceability of the noncompete agreement.

37. There is a bona fide, actual, and present need for the declaration, namely that PLAINTIFF wants to gain employment without having to worry about breaching the noncompete agreement.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT FOXFIRE REALTY, LLC and respectfully prays the Court that it will find the noncompete agreement included in PLAINTIFF'S employment agreement is invalid and, for such other and further relief as the Court may deem just and proper.

Dated: October 28, 2021

          Respectfully submitted,

          **THE LAW OFFICE OF MATTHEW BIRK**

          **/s/ Matthew W. Birk**
          **Matthew W. Birk**
          Florida Bar No.: 92265
          309 NE 1st Street
          Gainesville, FL 32601
          (352) 244-2069
          (352) 372-3464 FAX
          mbirk@gainesvilleemploymentlaw.com
          ATTORNEYS FOR PLAINTIFF